**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DRAKE LAFAYETTE WILLIS,** )<br>**ID # 1575130,** )<br>　　　Petitioner, )<br>vs. )<br> )<br>**LORIE DAVIS, Director,** )<br>**Texas Department of Criminal** )<br>**Justice, Correctional Institutions Division,** )<br>　　　Respondent. ) | No. 3:16-CV-2811-G (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

　　Pursuant to *Special Order 3-251*, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DISMISSED** for lack of subject matter jurisdiction.

**I. BACKGROUND**

　　Drake Lafayette Willis (Petitioner) challenges his conviction for robbery in Cause No. F9226505-RM in the 194th Judicial District Court of Dallas County, Texas. (Doc. 3 at 2, 14.[1]) The respondent is Lorie Davis, Director of TDCJ-CID (Respondent).

　　Petitioner pled guilty to the charge of robbery and received a ten-year sentence on February 9, 1993. (*Id*. at 2, 3, 11.) He did not appeal. (*Id*. at 3.) He filed a state habeas corpus application challenging the conviction. (*Id*. at 4.) On August 17, 2016, the Texas Court of Criminal Appeals dismissed the state habeas application because the sentence had been discharged. (*Id*.); *see also Ex parte Willis*, WR-77,246-12 (Tex. Crim. App. Aug. 17, 2016). He then filed a federal habeas corpus petition under 28 U.S.C. § 2254 alleging that there was insufficient evidence to support the

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

conviction, the trial court did not have jurisdiction, and it should not have been used to enhance his sentence in Cause No. F08-24020-T. (Doc. 3.) Petitioner is separately challenging his conviction and 40-year sentence in Cause No. F08-24020-T in the 283rd Judicial District Court of Dallas County, Texas, in *Willis v. Valdez*, No. 3:16-CV-1466-M (N.D. Tex.).

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is a jurisdictional prerequisite, and a petitioner must be in custody at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Generally, one satisfies the "in custody" requirement when the sentence for the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). While actual physical detention is not required to meet this custody requirement, there must be some restraint on the liberty of a person. *Jones v. Cunningham*, 371 U.S. 236 (1963). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in

custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

Here, Petitioner does not dispute the state court's determination that his sentence has been discharged. He asserts the conviction in Cause No. F9226505-RM was used to enhance his sentence in Cause No. F08-24020-T, and he is still serving the 40-year sentence in that case. (Doc. 3 at 4, 12.) However, a federal court lacks subject matter jurisdiction to entertain a § 2254 petition that directly challenges the validity of a conviction for which the sentence has been discharged because the petitioner is not "in custody" for that conviction, "even if the prior conviction was used to enhance the sentences imposed for any subsequent crimes of which [petitioner] is convicted." *Josey v. Thaler*, No. 4–11–CV–0633–A, 2012 WL 195002 at *2 (N.D. Tex. Jan.23, 2012) (citing *Maleng*, 490 U.S. at 492).

Petitioner is not "in custody" for the conviction in Cause No. F9226505-RM.[1] Accordingly, his habeas petition should be dismissed for lack of subject matter jurisdiction.

### III. RECOMMENDATION

The habeas petition under 28 U.S.C. § 2254 should be **DISMISSED** for lack of subject matter jurisdiction.

---

[1] A petitioner may collaterally attack a prior conviction for which the sentence has expired if the prior conviction is used to enhance punishment for a current conviction and the petition is construed as a challenge to the current conviction. *See Maleng*, 490 U.S. at 493-94; *Herbst v. Scott*, 42 F.3d 902, 905 (5th Cir. 1995). Because Petitioner already has a pending § 2254 action challenging his conviction in Cause No. F08-24020-T, his habeas petition in this case is not liberally construed as a duplicative challenge to that same conviction. *See Morris v. Stephens*, 599 F. App'x 148, 150 (5th Cir. 2015) (upholding dismissal of § 2254 petition as duplicative of another pending § 2254 petition); *Brock v. Cockrell*, No. 3:03-CV-340-M, 2003 WL 21418792 (N.D. Tex. March 26, 2003) (§ 2254 petition dismissed as duplicative of another pending § 2254 petition) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993), and *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989)).

**SO ORDERED** this 7th day of October, 2016.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE